IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JAMES CHRISTOPHER CARTER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. |
| | § | 1:15-CV-171-O |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**<u>OPINION AND ORDER</u>**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner James Christopher Carter, a state inmate now confined at the Texas Department of Criminal Justice (TDCJ) Terrell Unit.[1] In addition to the amended § 2241 petition and exhibits, Respondent filed a motion to dismiss and brief in support. (ECF Nos. 17, 24.) Petitioner did not file a response, but has filed another motion seeking the same relief sought in the § 2241 petition itself. (ECF No. 25.) After considering the pleadings and relief sought by Petitioner, and the applicable law, the Court has concluded that the § 2241 petition must be denied, in part, and dismissed in part.

**I.    BACKGROUND and CLAIM**

Petitioner James Christopher Carter is serving a ten-year state prison term for forgery of a government instrument entered in the 51st District Court of Tom Green County, Texas in case

---

[1] In a habeas proceeding brought by a prisoner, generally there is only one proper respondent, the immediate physical custodian of the prisoner. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Petitioner is currently confined in a unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), in Rosharon, Texas. Lorie Davis is the Director of TDCJ, Correctional Institutions Division; thus, she is the proper respondent. When the case was filed, Petitioner Carter was filed in the TDCJ Middeleton Unit, within this the Abilene Division of the Northern District of Texas.

number A-14-0989-SB. Respondent's Motion to Dismiss, ECF No. 24, at 1; Exhibit A. Carter recites that before he received this state sentence, he was sentenced in *United States v. Carter,* No. 6:14-035-C (1) for manufacturing counterfeit United States currency and aiding and abetting in violation of 18 U.S.C. §§ 471 and 2, and received a term or imprisonment of 37 months. Amended Petition, ECF No. 17, at 2-3. Petitioner reports that his federal sentence was imposed to run concurrently with any state sentence imposed in case number A-14-0988-CB, and Carter's federal judgment provides for concurrent sentences on these charges.[2] Carter reports that after the sentencing in federal court, he was bench warranted back to Tom Green County where he was then sentenced on the state charge. Pet. at 6. Carter seeks to be placed in federal custody. Pet. at 7.

## II.  ANALYSIS

An inmate may challenge the execution of his federal sentence in a § 2241 petition in the district of his confinement. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.2000) ("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration."). Carter's claims challenge the execution of his federal sentence, thus his claims are properly pursued in a § 2241 petition in this Court. *See Castro Flores v. Dretke*, 120 F. App'x 537, 538–39 (5th Cir.2005) (claims by inmate in state custody that BOP was failing to credit his federal sentence properly pursued under 28 U.S.C. § 2241); *see also*

---

[2]The Court takes judicial notice of the records of this Court in *United States v. Carter,* No.6:14-Cr-035-C (1). The judgment provides: "the defendants is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 37 months to run concurrently with any sentence imposed in Case Nos. A-14-0988-SB and A-14-0989-SB pending in the 51st District Court, Tom Green County, Texas, and to run consecutive to any sentence that may be imposed in the pending charges in Case No. 1410092CR, Ellis County, Texas, County Court at Law No.2, and Case No. F-0528097, Dallas County, Texas, Criminal District Court No. 2." *United States v. Carter,* No.6:14-CR-035-C(1) (March 6, 2015 Judgment).

*United States v. Miller*, 594 F.3d 1240, 1241 (10th Cir.2010) (state inmate's request for nunc pro tunc designation in regards to future federal sentence is properly pursued under 28 U.S.C. § 2241);

Although sentence-execution claims are proper in a § 2241 petition, an inmate does not have a constitutional right to incarceration in any particular prison system. *See Simpson v. Cockrell*, No. 01–10415, 2001 WL 1075829, at *1 (5th Cir. Aug. 21, 2001) (citations omitted). Instead, the facility at which he serves concurrent sentences is "a matter for the two sovereigns involved to decide." *Id*. Likewise, "[n]o binding legal authority requires the federal BOP ... to comply with a state court's sentencing order that his federal sentence run concurrently with his state sentences." *Castro Flores*, 120 F. App'x at 539 (citing *Leal v. Tombone*, 341 F.3d 427, 429–30 (5th Cir.2003) (affirming dismissal of habeas petition where petitioner sought order directing BOP to recognize state-court order for concurrent sentence)). Finally, there is "no authority requir[ing] federal marshals to immediately deliver a federal prisoner to a federal facility for the service of his sentence." *Id*. So, to the extent Petitioner is requesting an Order directing his immediate placement in a federal prison, his petition under 28 U.S.C. § 2241 must be denied.[3]

Petitioner does not recite that he has taken any efforts to pursue any remedy through the Bureau of Prisons (BOP). Under certain circumstances related to the imposition of the underlying sentences, the BOP has the statutory authority to cause a federal sentence to run concurrently with a state sentence by designating nunc pro tunc an inmate's state prison as the place of federal confinement. *See Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir.1990); *Rodriguez v. Pitzer,* 76 F.

---

[3]Petitioner has also filed a handwritten motion within this case essentially asking for the same relief: "remove me from Texas State Custody for the remainder of my Federal Sentence that was originally Ordered by Judge Sam Cummings." Motion for Court to Render Decision, ECF No. 25. This motion must be denied for the reasons stated herein.

App'x. 519, 520 (5th Cir. 2003) (unpublished) (citing *Barden*).[4] A § 2241 habeas petition requesting a nunc pro tunc designation "is not ripe until the BOP makes a final decision on the prisoner's nunc pro tunc request." *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir.2010) (holding district court did not have jurisdiction to rule on the merits of petitioner's unripe habeas petition).

Also, federal prisoners are required to exhaust administrative remedies with the BOP before filing a petition under 28 U.S.C. § 2241. *See Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *see also U.S. v. Setser*, 607 F.3d 128, 133 (5th Cir.2010); (exhaustion required in context of an inmate's challenge to failure to provide credit for time spent in state custody). The Supreme Court has identified several sound policy bases supporting mandatory exhaustion requirements, including: (1) avoiding premature interruption of the administrative process; (2) allowing the agency to develop the necessary factual background upon which decisions should be based; (3) giving the agency a chance to discover and correct its own errors; and (4) avoiding the possibility that frequent and deliberate flouting of the administrative process could weaken the effectiveness of an agency by encouraging people to ignore its procedures. *See McKart v. United States*, 395 U.S. 185, 193-195 (1969). Exceptions to the exhaustion requirement apply only in extraordinary circumstances, and the petitioner bears the burden of demonstrating the inappropriateness or futility of administrative review. *Fuller,* 11 F.3d at 62.

---

[4]The BOP's procedures for an inmate to request a nunc pro tunc designation are found in Program Statement 5160.05, entitled Designation of State Institution for Service of Federal Sentence. According to the Program Statement, an inmate may submit his request for a nunc pro tunc designation to the BOP and the "request will be considered regardless of whether the inmate is physically located in either a federal or state institution." Dept. of Justice, BOP Program Statement 5160.05, p. 5. (2003), http://www.bop.gov/policy/progstat/5160_005.pdf. The Court offers no opinion on whether such designation could apply to Petitioner Carter.

The Respondent has moved to dismiss Petitioner's § 2241 petition to the extent he seeks relief against his federal sentence, and Petitioner has not filed any response to that motion. Thus, to the extent Petitioner seeks additional relief against the manner in which his federal sentence may be calculated, he has not exhausted his administrative remedies, and such claim will be dismissed without prejudice.

**III.     ORDER**

It is therefore **ORDERED** that the Respondent's motion to dismiss (ECF No. 24), is **GRANTED**, only to the extent that if Petitioner seeks relief against his federal sentence, the § 2241 petition will be dismissed without prejudice for lack of exhaustion; otherwise the alternative grounds in the Respondent's motion to dismiss are not reached.

It is further **ORDERED** that Petitioner's motion for the Court to remove Petitioner to federal custody (ECF No. 25) is **DENIED**.

It is further **ORDERED** that Petitioner James Christopher Carter's petition for relief under 28 U.S.C. § 2241 seeking to be removed to federal custody is **DENIED,** and all other claims for relief in the petition for relief under § 2241 are **DISMISSED** without prejudice for lack of exhaustion.

**SO ORDERED** on this **22nd day** of **May, 2017.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE